IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

CIVIL No. 09-1185 (CVR)

$41,800 IN US CURRENCY,

Defendant.

## OPINION AND ORDER

### INTRODUCTION

On February 25, 2009, plaintiff, the United States of America, filed a verified complaint and obtained warrant of arrest *in rem* against the property consisting of $41,8000 in U.S. currency claiming the currency was property and/or proceeds traceable to exchange of controlled substances, and as such, subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(A) and (C). (Docket No. 1). *See Unsworn Declaration by Agent Virgilio Pérez attached to the Verified Complaint.*

Claimant Carlos Méndez-Ruiz (hereafter "Méndez-Ruiz") filed an answer to the verified complaint which the court order to be stricken and be re-filed to eliminate some allegations. (Docket Nos. 11-13). Thereafter, claimant Méndez-Ruiz sought timely reconsideration and filed its consent to proceed before a U.S. Magistrate Judge. On October 23, 2009, the presiding judge denied reconsideration and approved the consent on October 25, 2009. (Dockets Nos. 26, 24 and 27).

On April 20, 2010, claimant Méndez-Ruiz filed a Motion to Dismiss for Lack of Jurisdiction and/or for Summary Judgment with a Statement of Uncontested Facts in support thereof. (Docket Nos. 36 and 39).

United States v. $41,800 In U.S. Currency
Civil No. 09-1185 (CVR)
Opinion and Order
Page No. 2

On May 25, 2010, plaintiff United States filed a Motion for Summary Judgment, Memorandum of Law and Statement of Uncontested Facts in support thereof (Docket No. 46) which claimant Méndez-Ruiz opposed on July 12, 2010.  (Docket Nos. 51).

Upon the parties' consent to jurisdiction by a Magistrate Judge, both dispositive motions are discussed herein.

## LEGAL DISCUSSION

### A. Claimant's Motion to Dismiss (Docket No. 36).

Claimant Méndez-Ruiz seeks to dismiss the forfeiture action premised in that plaintiff United States did not comply with the statute of limitations within the time constraints of Title 18, United States Code, Section 983.

Section 983 of Title 18, United States Code, reads in pertinent part as follows:

a) Notice; Claim; Complaint. -

(1)(A)(I) Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

(ii) No notice is required if, before the 60-day period expires, the Government files a civil judicial forfeiture action against the property and provides notice of that action as required by law.

United States v. $41,800 In U.S. Currency
Civil No. 09-1185 (CVR)
Opinion and Order
Page No. 3

(iii) If, before the 60-day period expires, the Government does not file a civil judicial forfeiture action, but does obtain a criminal indictment containing an allegation that the property is subject to forfeiture, the Government shall either -

(1) send notice within the 60 days and continue the nonjudicial civil forfeiture proceeding under this section; or

(II) terminate the nonjudicial civil forfeiture proceeding, and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute.

(3)(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not-

(I) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

(ii) before the time for filing a complaint has expired -

(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

(II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

the Government shall promptly release the property pursuant to regulations promulgated by the

United States v. $41,800 In U.S. Currency
Civil No. 09-1185 (CVR)
Opinion and Order
Page No. 4

Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

Claimant submits the Notice of Seizure of July 2, 2008 shows the DEA's seizure date of the currency as June 17, 2008. Claimant filed the Petition for Relief and Notice of Claim on July 30, 2008. More than sixty (60) days after the seizure, plaintiff United States, through the agency, sent a letter to claimant on August 19, 2008, stating the claim and petition had been accepted and the matter was referred to the United States Attorney, Civil Division. The Verified Complaint in this case was filed by the government on February 25, 2009, that is, more than the sixty (60) days to file as provided by the statute. A sealed extension of time was filed by plaintiff on November 18, 2008, well after the sixty (60) days after the seizure and well after the ninety (90) days after the claim.

As such, claimant avers the time prescribed by the DEA agency to forfeit had expired and the request for extension of time to file a complaint of October 31, 2008, submitting a need to wait for future law enforcement action should be considered insufficient. See provisions of Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Title 18, United States Code Annotated, Section 983(B).

No particular opposition to above claimant's Motion to Dismiss appears on record. However, the government has indicated grounds for the good cause extension of time granted by the Court in Misc. No. 08-209 (DRD), which is discussed further below.

Insofar as the claimant's request for dismissal, (Docket No. 36), plaintiff has submitted that, although the term to file a complaint for forfeiture against the property was to be filed no later than November 1, 2008, the United States requested two (2) extensions

United States v. $41,800 In U.S. Currency
Civil No. 09-1185 (CVR)
Opinion and Order
Page No. 5

of time to prevent flight from prosecution, destruction and/or tampering with evidence, that would have jeopardized the criminal investigation that was underway. See Misc. No. 08-209 (DRD).  The Court granted such extensions of time to the United States to file the forfeiture complaint. (See Docket No. 18).  Claimant has acknowledged such extensions are part of the record in the miscellaneous case but submits the potential filing of criminal prosecution should not be an excuse to delay the forfeiture complaint time constraints and, thus, request the verified complaint to be dismissed.

The time was extended by the Court upon finding of good cause, which was requested and granted prior to the ninety-day (90) limit after the claim was filed.  The second extension had extended the time to file the complaint to February 27, 2009 and the current complaint for the forfeiture of the $41,800.00 currency was filed on February 25, 2009, and as such, is considered timely.

Accordingly, claimant's Motion to Dismiss and/or for Summary Judgment (Docket No. 36) is **DENIED.**

**B.  Plaintiff's Summary Judgment (Docket No. 46).**

On a different vein, plaintiff United States seeks summary disposition stating there is no genuine issue of material fact in controversy regarding the alleged ownership interest of claimant Méndez-Ruiz since the latter lacks standing by not filing a verified claim and default judgment should be entered in favor of the government.

Claimant submits having received a notice of seizure in regards to the property that was mailed on July 2, 2008 and expressly gave until August 8, 2008 to file a claim.  On July 30, 2008, claimant filed a notice of claim, with a verified statement under penalty perjury.

On August 19, 2008, claimant received a letter through his counsel indicating the claim and petition had been accepted and the matter was to be referred to the Civil Division of the United States Attorney's Office.

Plaintiff also seeks the court to make a finding the monies seized are drug proceeds and, thus, subject to forfeiture.  Claimant Méndez-Ruiz has submitted contested issues of material fact on said issue that preclude summary disposition.

**1. General Standard for Forfeiture**.

In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property the burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.  The government may use evidence gathered after the filing of a complaint for forfeiture to establish its burden; and if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government shall establish there was a substantial connection between the property and the offense.  To carry its burden in a civil forfeiture action, the government must satisfy the requirements of both the applicable forfeiture statute and CAFRA.

The federal forfeiture statute defines rules as to who may intervene and when they must do it. By virtue of the roots of *in rem* jurisdiction in admiralty law, the procedures for intervention in civil forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. *See* Title 18, United States Code, Section 981(b)(2) (1994) (amended 2000); United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990).

<u>United States v. $41,800 In U.S. Currency</u>
Civil No. 09-1185 (CVR)
Opinion and Order
Page No. 7

## 2.  CAFRA[1] and standing.

Under CAFRA, as amended, which applies to civil forfeiture cases like this one which were commenced on or after August 23, 2000, the government's burden of proof at trial from mere probable cause (the old standard) to the preponderance of the evidence was increased.  *See* 18 U.S.C. § 983(c)(1).  CAFRA makes clear that the pleading requirements imposed by cases such as <u>U.S. v. One Lot of U.S. Currency ($36,634),</u> 103 F.3d 1048 (1ˢᵗ Cir. 1997) no longer apply.  However, it is appropriate to rely upon forfeiture case law decided before the enactment of CAFRA even though those cases applied the less-burdensome probable cause standard, "[f]actors that weighed in favor of forfeiture in the past continue to do so now-with the obvious caveat that the government must show more or stronger evidence establishing a link between forfeited property and illegal activity." *See* <u>United States v. Funds in Amount of $30,670.00</u>, 403 F.3d 448, 469 (7ᵗʰ Cir. 2005).  Even if the government satisfies the requirements of §§ 881(a)(7) and 983, it does not necessarily follow that the forfeiture is warranted, since Section 983(d) contains an innocent owner defense.

However, before such a defense may be raised, claimants must be able to establish standing.  Standing is a threshold consideration in all cases, including civil forfeiture cases. *See* <u>United States v. Cambio Exacto</u>, S.A., 166 F.3d 522, 526 (2d Cir. 1999); *see also* <u>McInnis-Misenor v. Me. Med. Ctr.</u>, 319 F.3d 63, 67 (1ˢᵗ Cir. 2003). Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is effectively the defendant in said

---

[1]  Title 21, <u>United States Code Annotated</u>, Section 881(a)(6).

case. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene.

### 3. Application to this Case.

The United States submits the claimant in this case should not be allowed to submit his claims for being late and not having re-filed his answer as ordered by the court.

A person claiming an interest in property to be forfeited submits his/her claim under the Supplemental Rule for Certain Admiralty and Maritime Claims, Rule C( 6)(a) by filing a verified statement identifying the interest or right.  Such claimant must refute the government's *prima facie* case either by demonstrating that the property was not in fact used for the specified illegal activity, or by proving the claimant did not know about or consent to the illicit activity; the second of these avenues is commonly called the innocent owner's defense. It is the government's contention claimant Méndez-Ruiz failed to timely meet the requisites of said rule.

Federal forfeiture statutes must be narrowly construed because of their potentially draconian effect. *See* Barbara J. Van Arsdale, J.D., *Validity, Construction, and Application of Civil Asset Forfeiture Reform Act of 2000 (CAFRA)*, 195 A.L.R. Fed. 349 (2004).  Relying on United States v. Parcel of Land, Buildings, Appurtenances and Improvements, Known as 92 Buena Vista Avenue, Rumson New Jersey, 507 U.S. 111, 113 S.Ct. 1126 (1993) in construing the civil forfeiture statutes as they then existed, a plurality of the Supreme Court stated that the government's title was not perfected until forfeiture was decreed, and it allowed the related back to the time of the crime. *See id*. at 126-27, 113 S.Ct. 1126.

To establish standing in civil forfeiture proceeding, the claimant must demonstrate some ownership or possessory interest in the property at issue. Title 18, United States Code Annotated, Section 1963. Property interest less than ownership, *e.g.* possessory interest, is sufficient to create standing to contest federal civil forfeiture proceeding. United States v. One 2001 Cadillac Deville Sedan, 335 F. Supp. 2d 769 (E.D. Mich. 2004). Still, in United States v. 8 Curtis Avenue, Middleton, MA, 2003 WL 470579 (D. Mass. 2003), the court found that a plain reading of the statute suggests that Congress did intend to allow the enforcement of forfeiture rights against the interest of a person holding property as a tenant by the entirety even where the other holder is an innocent purchaser. State law determines whether claimants have a property interest in property subject to criminal forfeiture, but federal law determines whether or not that interest can be forfeited. United States v. Hooper, 229 F.3d 818 (9th Cir. 2000).[2]

Furthermore, in U.S. v. Real Property in Section 9, Town 29 North, Range 1 West Tp. of Charlton, Otsego County, Mich., 241 F.3d 796, 2001 FED App. 0055P (6th Cir. 2001), the court found that CAFRA was a remedial legislation which raised the government's burden of proof in civil forfeiture actions to level the playing field between the government and claimants, and was specifically designed to remedy an inequity about which the claimants complained throughout the proceeding at issue.

---

[2] Clarifying that discussion regarding lack of standing held no dispute that claimants had Article III standing to file their petitions and challenge the forfeitures on their asserted grounds but rather another way of stating that therein claimants had failed to establish on the merits a property interest entitling them to relief. *See* United States v. $9,041,598.68, 163 F.3d 238, 245 (5th Cir.1998); *see* Hooper, 229 F.3d at 818.

The late filing of a verified claim may be excusable at the discretion of a court, even upon the government's request for default.  Mitigating factors, which can excuse a late filing under CAFRA, include: 1) a good faith attempt to file on time; 2) detrimental reliance on government misinformation; and 3) the expenditure of considerable time and resources preparing for trial. *See* U.S. v. $1,437.00 U.S. Currency, 242 F. Supp. 2d 193 (W.D. N.Y. 2002) (holding the claimant's counsel failed to establish excusable neglect for failing to meet the time requirements for filing the answer and verified claim).

In view of the stiff penalty of striking claimant's answer in forfeiture proceedings and the complete absence of prejudice to the government, equity and fairness requires the court to exercise discretion to treat filing of answer as claim. *See* U.S. v. One Urban Lot at 1 Street A-1 Valparaiso, Bayamón, Puerto Rico, 885 F.2d 994 (1st Cir. 1989).

Claimant initially filed a claim under oath and an answer to the complaint, which we consider meet the requirements under Rule C (6)(a), since the previous court order to strike was limited to time prescribed by law that was thereafter made part of claimant's Motion to Dismiss. As such, the striking of claimant's answer would not be warranted as to all issues, being limited to striking only the pleadings regarding the grounds for dismissal for having elapsed excess time to the one provided by statute.[3]   In view of the foregoing, we find claimant has standing and the government's motion to strike claimant's claims lacks merit.

In addition, a review of the parties' statements of facts raises numerous genuine issues in controversy which preclude summary judgment as submitted by plaintiff,

---

[3]  The answer previously filed is considered re-filed, except for omission of the allegations therein that were subsequently made part of the request for dismissal at Docket No. 36.

United States v. $41,800 In U.S. Currency
Civil No. 09-1185 (CVR)
Opinion and Order
Page No. 11

specifically as to the forfeiture of currency claimed to be proceeds of unlawful activity.  It is

the plaintiff United States' submission claimant Méndez-Ruiz has been observed by DEA

agents during surveillance, dealing with parcels that seemly contained suspected drug

proceeds in the year 2008.  Insofar the receipt of the currency object of the verified

complaint, same was mailed to claimant in a box which shipment information label

indicated was a computer monitor.  However, no drugs were found in said package with the

currency.  Although claimant Méndez-Ruiz has indicated the monies sent to him are legal

proceeds he obtained from the sale of real estate property, he has denied knowledge of the

form it was to be mailed or the addressee named in the package and other handling of said

money.  The monies had been previously transferred to New Jersey on allegations it was to

be used for the purchase of a property, yet plaintiff United States submits the real estate

agency details have not been provided nor sufficient verification as to the several trips

allegedly taken for the planned purchase, except for two (2) travel instances.  Furthermore,

plaintiff submits claimant has not filed income tax returns between the dates at issue and

claimant's financial situation is not consonant with the income indicated to have been

received.

Plaintiff United States still acknowledges there was a sale of claimant's condominium

unit at River Park to a relative (claimant's mother) and a check was issued on February

2008, which claimant cashed but did not deposit in any bank account. *Plaintiff's Statement*

*of Material Facts, Docket No. 45*.

Claimant Méndez-Ruiz has submitted being the legal owner of the currency plaintiff

seeks to forfeit which is averred as the product of the sale of a real estate property,

apartment at River Park to Ms. María Ruiz-Orlando.  A contemporaneous notarized sale/purchase contract dated February 1, 2008, supports said averment.  A $59,000.00, check received from said sale was cashed by claimant at the Doral Bank in Bayamón, Puerto Rico.  The check issued and endorsed for said amount is available and was attached to claimant's opposition. The buyer's statement of Ms. Ruiz-Orlando from a bank account also is showed to have withdrawn the same amount of $59,000.00, which was further confirmed by Ms. Ruiz-Orlando in the deposition testimony she provided on February 18, 2010.  The currency pending forfeiture had traveled legally from Puerto Rico to New Jersey and no narcotics were seized in the parcel together with said currency.  *Claimant's statement of Uncontested Facts, Docket No. 39.*

The applicable summary judgment standard provides that summary disposition would not be appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).  There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of

United States v. $41,800 In U.S. Currency
Civil No. 09-1185 (CVR)
Opinion and Order
Page No. 13

probability and likelihood . . . ." <u>Greenburg v. Puerto Rico Mar. Shipping Auth.</u>, 835 F.2d 932, 936 (1st Cir. 1987).  In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 960 (1st Cir. 1997).

Thus, having examined the parties' contention and finding there are genuine issues of material fact in controversy, which may require credibility determinations, summary judgment requested by plaintiff is not warranted.

## CONCLUSION

In accordance with above discussed, claimant's Motion to Dismiss and/or Summary Judgment is DENIED  (Docket No. 36).  Claimant Méndez-Ruiz has the necessary standing to raise his claim and, as such, plaintiff's request to strike claim and verified complaint is DENIED.  Similarly, there being genuine issues of material fact in controversy, plaintiff's request for summary judgment is DENIED.  (Docket No. 46).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of July of 2010.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L.  VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE